# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) ANGELA SPENCER;

                      Plaintiff,

v.

(2) CITY OF OKLAHOMA CITY
    POLICE DEPARTMENT;
(3) CITY OF OKLAHOMA CITY
(4) PHILLIP A WILLIAMS
    In his Official Capacity as
    Lieutenant with OKC-PD; and
(5) VASHINA BUTLER
    In her Official Capacity as
    Chief with OKC-PD

                      Defendants.

Case No. CIV-19-1186-SLP

Jury Trial Demanded.

ATTORNEY'S LIEN CLAIMED

## **COMPLAINT**

1

# **TABLE OF CONTENTS**

I. Introduction ................................................................................. 3

II. PARTIES ..................................................................................... 3

    a. Plaintiffs ............................................................................... 3

    b. Defendants .......................................................................... 4

III. Statement of Facts .................................................................. 4-6

IV. CAUSES OF ACTION

    a. Disparate Treatment/Disparate Impact Claim ............... 6-7

    b. Retaliation ........................................................................ 7-8

    c. Liability of Defendant City of Oklahoma City .................... 9

    d. Interference with Business/Contractual Relationships and Rights ........................................................................... 9

    e. Violation of Public Policy ..................................................... 9

    f. Mental Anguish ............................................................... 9-10

    g. Violation of Employee Handbook ...................................... 10

    h. Conspiracy ..................................................................... 10-11

    i. Punitive Damages .............................................................. 11

V. PRAYER ................................................................................ 11-12

**To the Honorable Judges of Said Court:**

Angela Spencer ("Plaintiff"), through undersigned counsel, allege as follows:

## INTRODUCTION

1. This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e, *et seq.*) Title 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, as amended and certain pendant state claims.
2. Jurisdiction is also conferred by 28 U.S.C. §§1331 and 28 U.S.C. §1343 (a)(3).
3. Venue in this district is proper pursuant to 28 U.S.C. §1391, and 42 U.S.C. § 2000e-5(f)(3).
4. Plaintiff filed a charge of employment discrimination with the EEOC; a Notice of Right to Sue was received on September 26, 2019. This Complaint is being filed within 90 days of receiving notice.

## PARTIES

### A. PLAINTIFF

5. Angela Spencer is 49 years old, Black and Female. She is a resident of Edmond Oklahoma.

6. Plaintiff has a disability as defined by the Americans with Disabilities Act of 1990, as amended.

7. Plaintiff was an employee of the City of Oklahoma City Police Department until her termination on August 21, 2018.

## B. DEFENDANTS

8. The City of Oklahoma City Police Department is an employer within the meaning of Title VII during the events complained of herein.

9. The City of Oklahoma City is an employer within the meaning of Title VII during the events complained of herein.

10. Phillip A. Williams was a Lieutenant in the City of Oklahoma City Police Department during the events complained of herein.

11. Vashina Butler was a Captain in the City of Oklahoma City Police Department during the events complained of herein

## STATEMENT OF THE FACTS

12. Plaintiff was hired by the City of Oklahoma City Police Department in May 2006. Plaintiff left the employ of the City for approximately one year and was rehired in July 2007.

13. Plaintiff began working in the Inmate Processing Unit, 3rd shift on February 8, 2008.

14. Plaintiff made allegations against a police lieutenant on September 8, 2008. These allegations led, in part, to corrective action being taken.

4

15. Plaintiff was rated Fully Competent in 2008 Overall Performance Rating.

16. From 2008 through 2010, while under the supervision of Lt. Nate Tarver, Plaintiff did not experience any significant problems in her employment.

17. Plaintiff was rated Commendable in her 2009 Overall Performance Rating.

18. Plaintiff was again rated Commendable in her 2010 Overall Performance Rating. This rating was signed by Lt. E. Jane Lewis after Lt. Tarver's retirement.

19. Plaintiff received no Performance Reviews in 2011 or 2012 under Lt. E. Jane Lewis.

20. Plaintiff's Overall Performance Ratings from 2013 until 2018 were all either Competent or Commendable.

21. Upon the hiring of Phillip A. Williams, Plaintiff began receiving disparate treatment in her day to day actions as well as in her Performance Reviews.

22. In 2018 Plaintiff was interviewed as a witness to misconduct by other employees in an internal investigation.

23. During this internal investigation affirmative steps were taken to conceal and destroy the information Plaintiff had.

24. On or about July 19, 2018 Plaintiff was temporarily reassigned to the Records Unit to a Record Clerk position.

25. The reassignment of Plaintiff's employment position was in retaliation to the information she gave during her interview as a witness to misconduct by other employees.

26. On or about August 7, 2018 Plaintiff was notified of a pre-determination meeting to allow her to respond to allegations made against her of policy violations.

27. On or about August 21, 2018 Plaintiff was terminated from her employment due to sustained allegations of policy violations.

28. Prior to termination, during the course of her employment, Plaintiff was subjected to disparate treatment including excessive discipline, as compared to other co-workers.

29. During the course of her employment, Plaintiff was asked to "spy" and report incidents of misconduct to Vashina Butler. Butler then covered up these misconduct reports in concert with other individuals. Further, Butler took advantage of Plaintiff's reports of misconduct and used these reports for Butler's own promotion

## CAUSES OF ACTION

### First cause of action

**Disparate Treatment/Disparate Impact Claim.**

30. Plaintiffs re-allege and incorporate by reference the aforementioned paragraphs, as if fully set forth.

31. Plaintiff was treated less favorably by Defendants due to her race, color, sex, age and disability.

32. Defendants less favorable treatment of Plaintiff was based on their own discriminatory motive.

33. Defendants will be unable to show this Court their treatment of Plaintiff was for any legitimate, nondiscriminatory reason.

34. Defendants' stance that their less favorable treatment of Plaintiff was due to sustained policy violations are not true but were a pretext for discrimination.

## Second Cause of Action

**Retaliation.**

35. Each and every allegation of the Complaint is incorporated as if fully set forth herein.

36. The Plaintiff's cooperation as a witness in an internal investigation and her reporting of misconduct are protected activities.

37. The Defendants were aware that Plaintiff engaged in these protected activities.

38. There is a causal link between Plaintiff's protected activities and her termination.

39. Defendants' stance that their termination of Plaintiff was due to sustained policy violations are not true but were a pretext for discrimination

### Third Cause of Action

**Liability of Defendant City of Oklahoma City.**

40. Each and every allegation of the Complaint is incorporated as if fully set forth herein.

41. Members of the governing body of the City of Oklahoma City, the various city officials during the period of Plaintiff's harassment, the Chief of Police of the City of Oklahoma City all had knowledge of the nature and extent of the continuing harassment of plaintiff. They also knew or could easily have discovered the primary source of the unremitting illegal harassment of Plaintiff.

42. Authority and responsibility for dealing with this problem was delegated by officials who, in essence, denied the problem existed and refused to confront or to take any effective measures to stop the harassment of Plaintiff.

43. At least on Chief and one Captain joined in the treatment of the Plaintiff.

44. The City of Oklahoma City is responsible for the acts and omissions of its agents, which also includes the City of Oklahoma City Police Department

along with their employees for conduct within the scope of the agency under the theory of respondeat superior

45. The City of Oklahoma City is liable for the continuing violations of Title VII, the discriminatory treatment and retaliation against the Plaintiff and the exercise of her rights under Title VII.

## Fourth Cause of Action

**Interference with Business/Contractual Relationships and Rights.**

46. Each and every allegation of the Complaint is incorporated as if fully set forth herein.

47. Plaintiff had a business and/or contractual right that was interfered with by the Defendants. That interference was malicious and wrongful, and it was neither justified, privileged nor excusable

## Fifth Cause of Action

**Violation of Public Policy.**

48. Each and every allegation of the Complaint is incorporated as if fully set forth herein.

49. Plaintiff was wrongfully discharged by Defendants in violation of public policy

## Sixth Cause of Action

**Mental Anguish.**

50. Each and every allegation of the Complaint is incorporated as if fully set forth herein.

51. As a result of Defendant's discharge of the Plaintiff from Plaintiff's employment with the Defendant in violation of public policy the Plaintiff has suffered pain, embarrassment, humiliation and mental anguish, her ability to obtain subsequent employment in the field has been damaged.

## Seventh Cause of Action

**Violation of Employee Handbook.**

52. Each and every allegation of the Complaint is incorporated as if fully set forth herein.

53. In tortuously and wrongfully discharging Plaintiff in violation of Defendant's Employee Handbook and the public policy of Oklahoma and the United States Defendants subverted the purpose of such laws and have been guilty of malice for which the Plaintiff is entitled to exemplary damages

## Eighth Cause of Action

**Conspiracy.**

54. Each and every allegation of the Complaint is incorporated as if fully set forth herein.

55. A combination of two or more Defendants herein conspired together with an objective to terminate the Plaintiff in violation of public policy and in

retaliation for allegations the Plaintiff made; Defendants had a meeting of the minds on this course of action and one or more unlawful overt acts took place in its execution.

## Ninth Cause of Action

**Punitive Damages.**

56. Each and every allegation of the Complaint is incorporated as if fully set forth herein.

57. Plaintiff is entitled to punitive damages on these claims brought as Defendants' conduct, acts and omissions alleged herein constitute reckless or callous indifference to the rights of the Plaintiff.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court:

   a) Assume jurisdiction over the parties and the subject matter in this case;

   b) Declare Defendants violated Plaintiffs' Title VII rights; exercised disparate treatment and retaliation; interfered with Plaintiffs' business and contractual rights; violated public policy; caused mental anguish; violated the employee handbook; and engaged in civil conspiracy;

   c) Declare Plaintiff entitled to punitive damages;

   d) An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

e) Leave to amend to add additional defendants by motion, the filing of written consent forms, or any other method approved by the Court;

f) Leave to amend to add additional state law claims and Defendants;

g) Award to Plaintiff the reasonable costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920, and Federal Rules of Civil Procedure 23(e) and (h); and

h) Grant such other and further equitable relief as the Court deems just, necessary, and proper to protect Plaintiffs from further harm by Defendants.

Dated this December 23, 2019.

Respectfully Submitted,

*/s/ M. Mark Myles*
M. MARK MYLES, OBA #22243
M. MARK MYLES P.C.
4312 CLASSEN BLVD.
OKLAHOMA CITY, OK 73118
Phone: (405) 466 5290
Fax: (405) 557 0777
Email: mm_myles@outlook.com
ATTORNEY FOR PETITIONER

STATE OF OKLAHOMA )
) ss.
COUNTY OF OKLAHOMA )

Angela Spencer, of lawful age, after first having been duly sworn upon oath, deposes and states: That she is the above-named Plaintiff; that she has read the above and foregoing; and that the contents contained therein are true and correct to the best of her knowledge.

_____
Angela Spencer.

Subscribed and sworn to before me this 23rd day of December 2019.

_____
Notary Public

STEFFEH BORGHEI
Notary Public, State of Oklahoma
Commission # 15004351
Commission Expires May 07, 2023

My commission expires: